# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41624

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 773 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 17, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RAFAEL SOTO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Judgment of conviction and concurrent sentences of five years determinate for aggravated assault and twenty-four years with eleven years determinate for aggravated battery, with an enhancement for use of a deadly weapon, affirmed; order denying I.C.R. 35 motion for reduction of sentences, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge
_____

PER CURIAM

Rafael Soto was convicted of aggravated assault, Idaho Code §§ 18-901(a)(b), 18-905(a), 18-204, and aggravated battery, I.C. §§ 18-903, 18-907(1)(a)(b), 18-908, with an enhancement for use of a deadly weapon, I.C. § 19-2520. The district court imposed concurrent sentences of five years determinate for the aggravated assault and twenty-four years with eleven years determinate for aggravated battery with an enhancement for use of a deadly weapon. Soto filed an Idaho Criminal Rule 35 motion, which the district court denied. Soto appeals.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Soto's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, including any new information submitted with Soto's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, Soto's judgment of conviction and sentences, and the district court's order denying Soto's Rule 35 motion, are affirmed.